UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TRACY JAMES McINTYRE,<br>Defendant. | Case No. 2:26-cr-00067-AKB-1<br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Tracy James McIntyre's Motion to Dismiss Indictment (Dkt. 23). The Government opposes the motion (Dkt. 24), and McIntyre has replied (Dkt. 25). Because the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, it decides the motion on the record. Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B); *see also* Dist. Idaho Loc. Crim. R. 1.1(f) (applying local civil rules to criminal proceedings absent conflict); Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed below, the Court grants the motion.

## I. BACKGROUND

In June 2002, the State of Nevada charged McIntyre with two counts of attempted lewdness with a child under fourteen years of age, in violation of Nevada Revised Statutes §§ 193.330 and 201.230 (Dkt. 23-1 at 2–3). McIntyre entered a guilty plea to the first count and an *Alford* plea to the second count (Dkt. 23-2 at 2–3). On August 6, 2002, the Nevada court entered a judgment sentencing McIntyre to concurrent terms of twenty-four to sixty months' imprisonment (Dkt. 23-3 at 2–3). McIntyre was released from custody on June 6, 2005 (Dkt. 23-4 at 2).

On March 17, 2026, a federal grand jury indicted McIntyre in the District of Idaho for failure to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). The Indictment alleges McIntyre traveled in interstate commerce and knowingly failed to register and update his registration between approximately 2024 and February 10, 2026 (Dkt. 2 at 1).

McIntyre does not dispute that his Nevada convictions subjected him to SORNA's registration requirements. Rather, he argues that his convictions qualify as Tier I offenses, which carry a fifteen-year registration requirement. According to McIntyre, that requirement expired on June 6, 2020, years before the conduct alleged in the Indictment (Dkt. 23 at 2–3). The Government responds that McIntyre qualifies as at least a Tier II offender because his Nevada convictions are comparable to federal abusive sexual contact under 18 U.S.C. § 2244 (Dkt. 24 at 2–3). It argues McIntyre was subject to SORNA's twenty-five-year registration requirement for Tier II offenders.

## II. DISCUSSION

### A. Legal Standard

The length of time McIntyre must register under SORNA depends upon his tier classification. SORNA classifies sex offenders as either Tier I, Tier II, or Tier III. 34 U.S.C. § 20911(2)–(4). A Tier III offender must register for life; a Tier II offender must register for twenty-five years; and a Tier I offender must register for fifteen years. 34 U.S.C. § 20915(a). Relevant here, a Tier II sex offender includes an offender whose offense is punishable by imprisonment for more than one year and "is comparable to or more severe than" certain enumerated federal offenses, including actual or attempted abusive sexual contact under 18 U.S.C. § 2244 when committed against a minor. 34 U.S.C. § 20911(3)(A)(iv). In contrast, a Tier I sex offender does not qualify as a Tier II or Tier III offender. *Id.* § 20911(2).

The parties agree that the "categorical approach" governs whether McIntyre's Nevada convictions qualify as Tier II offenses (Dkt. 23 at 16; Dkt. 24 at 2). Under that approach, the Court compares the elements of the state offense with the elements of the corresponding federal offense. *United States v. Descamps*, 570 U.S. 254, 260 (2013) (citing *Taylor v. United States*, 495 U.S. 575, 599–600 (1990)); *United States v. Daniel*, No. 1:20-cr-00112-DCN, 2021 WL 3037404, at *2 (D. Idaho July 19, 2021) (applying the categorical approach to determine whether a state sex offense qualified for an enhanced SORNA classification).

Under the categorical approach, a prior conviction may serve as a predicate for an enhanced SORNA classification if the state offense is defined more narrowly than, or has the same elements as, the corresponding federal offense. *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1133 (9th Cir. 2014). If, however, the state statute "sweeps more broadly" than the federal offense, the prior conviction cannot serve as a statutory predicate for the enhanced classification. *Id.* (quoting *Descamps*, 570 U.S. at 261). The Court must presume that the defendant's conviction rested on no more than the least of the acts criminalized by the state statute. *United States v. Baldon*, 956 F.3d 1115, 1125 (9th Cir. 2020).

Importantly, the categorical approach focuses on the statutory elements, not the actual facts underlying the defendant's conviction. *Descamps*, 570 U.S. at 260; *Cabrera-Gutierrez*, 756 F.3d at 1133. Accordingly, the Court generally cannot consider facts contained in a charging document or plea agreement to determine whether a conviction satisfies the elements of the corresponding federal offense. *Cabrera-Gutierrez*, 756 F.3d at 1133–35.

### B. Nevada's Statute Is Categorically Broader Than Federal Abusive Sexual Contact

The parties identify federal abusive sexual contact under 18 U.S.C. § 2244 as the relevant comparator for McIntyre's Nevada convictions. Section 2244 criminalizes various forms of

abusive sexual contact, namely "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

At the time of McIntyre's convictions, Nevada Revised Statutes § 201.230(1) provided:

> A person who willfully and lewdly commits any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child, is guilty of lewdness with a child.

Nev. Rev. Stat. § 201.230(1) (2002); *see also State v. Catanio*, 102 P.3d 588, 590-91 (Nevada 2004) (quoting the same statutory language).

Federal abusive sexual contact requires intentional touching of seven specifically enumerated areas. 18 U.S.C. § 2246(3). Nevada law, by contrast, prohibits lewd or lascivious acts committed upon or with a child's body, including "any part or member thereof," when accompanied by the requisite sexual intent. Nevada case law reinforces this distinction.

In *Catanio*, the court relied on decisions interpreting California's substantially similar lewdness statute. 102 P.3d at 592–93. Specifically, the court discussed *People v. Austin*, 111 Cal. App. 3d 110, 113–14 (1980), which recognized that pushing and guiding a child toward an orchard could itself constitute lewdness when accompanied by the requisite sexual intent. The Nevada Supreme Court expressly acknowledged that interpretation and agreed with the California courts' construction of the elements of lewdness. *Catanio*, 102 P.3d at 592-93.

The Government's discussion of *United States v. Salazar*, No. 6:20-cv-01438-AA, 2021 WL 2366086 (D. Or. June 9, 2021), illustrates the significance of this distinction. There, the district court concluded that Florida's lewdness statute was categorically broader than federal abusive

sexual contact because Florida courts had upheld a conviction for inserting the defendant's tongue into a child's mouth, which does not constitute touching an anatomical area specified in § 2246(3). *Id*. at *5. The Government acknowledges that conclusion but distinguishes *Salazar* because *Catanio* involved induced masturbation, which may constitute abusive sexual contact under federal law (Dkt. 24 at 5). That is accurate but does not account for the Nevada Supreme Court interpreting lewdness to encompass the touching of body parts beyond the federally enumerated anatomical areas.

Thus, Nevada's statute, like the California statute discussed in *Catanio* and the Florida statute addressed in *Salazar*, does not confine prohibited lewd touching to the anatomical areas identified in § 2246(3). Because Nevada law permits conviction without proof of an anatomical element required to establish federal abusive sexual contact, its statutory elements are categorically broader.

**C. The Government's Arguments Do Not Alter the Categorical Analysis**

Relying on *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007), the Government argues that McIntyre has not established a "realistic probability" that Nevada would prosecute conduct outside the federal definition of abusive sexual contact. Specifically, the Government contends that McIntyre must identify an actual Nevada prosecution involving such conduct and that the Nevada decisions he cites do not establish that § 201.230 has been applied more broadly than federal law (Dkt. 24 at 3–7).

The Government's argument overlooks that an actual prosecution involving nongeneric conduct is unnecessary when the statutory elements themselves establish categorical overbreadth. In *United States v. Keast*, the Ninth Circuit explained that a defendant "may simply rely on the statutory language to establish the statute as overly inclusive." 152 F.4th 1039, 1049 (9th Cir.

2025) (quoting *United States v. Castro*, 71 F.4th 735, 741 (9th Cir. 2023)). When overbreadth is "evident from [the] text" of the state statute, the defendant "need not point to an actual case applying the statute of conviction in a nongeneric manner." *Id.* (quoting *United States v. DeFrance*, 124 F.4th 814, 819 (9th Cir. 2024)). Thus, McIntyre need not identify an actual Nevada prosecution if the statutory language, as interpreted by Nevada courts, establishes that the offense encompasses conduct outside the federal definition.

As discussed above, Nevada's statute encompasses lewd or lascivious acts involving "any part" of a child's body, and the Nevada Supreme Court has relied on California decisions interpreting substantially similar language to encompass touching beyond the anatomical areas specified in § 2246(3). *See Catanio*, 102 P.3d at 592-93. The Government identifies no Nevada decision imposing a contrary anatomical limitation. Although *Catanio* and *Summers v. Sheriff*, 521 P.2d 1228 (Nev. 1974), involved conduct that may also constitute federal abusive sexual contact, neither decision held that Nevada law is limited to such conduct.

*Wilson v. State*, 373 P.3d 974 (Nev. 2011) is likewise unhelpful. In that unpublished decision, the Nevada Supreme Court majority reasoned that § 201.230 requires a lewd or lascivious act independently of the defendant's sexual intent. *Id.* at *2–3. Two justices concurred in the result but expressly disagreed with that interpretation, concluding that otherwise innocuous touching may constitute lewdness when accompanied by the requisite sexual intent. *Id.* at *3–4 (Pickering, J., concurring). The Court need not resolve that disagreement here. Even assuming § 201.230 requires an independently lewd or lascivious act, that requirement does not restrict the prohibited conduct to touching the seven anatomical areas specified in § 2246(3). Nothing in *Wilson* equates lewdness with contact involving those particular body parts.

Accordingly, § 201.230(1) encompasses conduct outside the federal definition of abusive sexual contact, and the Government identifies no Nevada authority narrowing the statute to the federal anatomical requirements. Because Nevada's offense is categorically broader than federal abusive sexual contact, McIntyre's Nevada convictions do not qualify as Tier II offenses under 34 U.S.C. § 20911(3)(A)(iv). The Government identifies no alternative basis for classifying McIntyre as a Tier II or Tier III offender. Accordingly, McIntyre qualifies as a Tier I offender under SORNA.

### D. McIntyre's Registration Requirement Has Expired

Because McIntyre qualifies as a Tier I offender, SORNA required him to register for fifteen years. 34 U.S.C. § 20915(a)(1). His registration period began upon his release from custody on June 6, 2005 (Dkt. 23-4 at 2). *See Salazar*, 2021 WL 2366086, at *5–6 (addressing commencement of SORNA registration periods).

The Government disputes McIntyre's tier classification but does not dispute his release date or identify any subsequent period of custody or other circumstance extending his registration obligation. Accordingly, McIntyre's fifteen-year registration period expired on June 6, 2020, before the conduct alleged in the Indictment. Because McIntyre's registration obligation expired before the charged conduct, the Government cannot establish that element based on his Nevada convictions.

## III. ORDER

**IT IS HEREBY ORDERED:**

1. Defendant Tracy James McIntyre's Motion to Dismiss Indictment (Dkt. 23) is **GRANTED**, and the Indictment (Dkt. 2) is **DISMISSED**.

2. The hearing on the Motion to Dismiss Indictment currently scheduled for December 10, 2026, is **VACATED**.

**DATED:** October 27, 2026

Amanda K. Brailsford
U.S. District Court Judge